**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| Dana M. Robinson, | ) | |
| | ) | Bk. No. 21-60008 |
| Debtor. | ) | |

**OPINION**

The matters before the Court are the Chapter 13 Trustee's Objection to Untimely Filed Claim and the Chapter 13 Trustee's Objection to the Debtor's Motion for Leave to File Time-Barred Claim. The Chapter 13 Trustee (Trustee) asks the Court to disallow the proof of claim filed by the Internal Revenue Service of the United States (IRS) because the claim was filed after the claims bar date, and to deny the Debtor's request to file a proof of claim on behalf of the IRS.

The facts, while possibly incomplete, are not in dispute. The Debtor filed her Chapter 13 case on January 26, 2021. The claims bar date for governmental units was set for July 26, 2021. When the Debtor filed her Chapter 13 case, she did not know whether she owed the IRS for 2020 income taxes and did not list the IRS in her schedules. Therefore, the IRS did not receive notice at the time the Debtor filed her bankruptcy. The Debtor did subsequently learn of her 2020 tax liability. According to the Trustee's First Amended Objection to the Debtor's First Amended Plan, the Debtor testified at her 341 meeting on June 3, 2021 that she owed a tax liability to the IRS. The Trustee asserted in his Objection that the Debtor must file an Amended Schedule E/F and an Amended Plan to address that liability. The Court sustained the Trustee's Objection on July 14, 2021 and ordered the Debtor to file an Amended Chapter 13 Plan and an Amended Schedule E/F within thirty days.

On August 12, 2021, the Debtor filed the Amended Schedule E/F and a Third Amended

1

Chapter 13 Plan to add the IRS as a creditor. Apparently, the IRS first learned of the Chapter 13 case when it received notice of the Amended Schedule E/F and the Third Amended Chapter 13 Plan. The IRS then filed a proof of claim for the 2020 tax liability on August 24, 2021, after the claims deadline had passed. On August 26, 2021, the Trustee filed his Objection to Untimely Filed Claim. The IRS did not respond to the Trustee's Objection.

The Debtor filed her Motion for Leave to File Time-Barred Claim on September 14, 2021 asking the Court for leave to file a proof of claim on behalf of the IRS. The Trustee filed his Objection to the Debtor's Motion arguing that the Debtor had not shown "excusable neglect" as required for leave to file a late claim for a creditor under Bankruptcy Rule 3004 (Fed. R. Bankr. P. 3004).

The Court held a hearing on both of the Trustee's Objections on October 15, 2021, and the Trustee and counsel for the Debtor presented their arguments. The IRS did not appear at the hearing. The Court took the matters under advisement.

With respect to claims of governmental units, Bankruptcy Rule 3002(c)(1) provides:

> A proof of claim filed by a governmental unit, other than a claim resulting from a tax return filed under §1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under §1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

Fed. R. Bankr. P. 3002(c)(1).

In this case, the deadline for governmental units to file a proof of claim was July 26, 2021. Because the IRS did not receive notice of the Debtor's bankruptcy until August 12, 2021, when the Debtor filed her Amended Schedule E/F and Amended Plan, the IRS did not file a

2

proof of claim until August 24, 2021, almost a month after the claims bar deadline had passed.[1]

The Bankruptcy Rules provide some relief to creditors who are unable to file a timely claim. Prior to its amendment in 2017, the language of Bankruptcy Rule 3002(c) did not allow creditors additional time to file a proof of claim based upon inadequate notice. See eg. *In re Sykes*, 451 B. R. 852 (Bankr. S.D. Ill. 2011) (finding that the plain language of Rule 3002 prevented the Court from granting additional time for a creditor to file a claim after the deadline had expired). In 2017, Bankruptcy Rule 3002(c) was amended to add a new subsection (c)(6) which provides:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
> > (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)…

Fed. R. Bankr. P. 3002(c)(6).

The Advisory Notes to Rule 3002(c)(6) state that subdivision (c)(6) was amended "to expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim." Fed. R. Bankr. P. 3002, advisory committee's note to 2017

---

[1]. The proof of claim filed by the IRS identifies the tax obligation as income tax for period ending "12/31/2020" as assessed on "07/05/2021". Although the IRS assessed the taxes on July 5, 2021, nothing in the record suggests that the Debtor filed her tax return within the sixty days prior to August 24, 2021 as would make the IRS claim timely under the second sentence of Rule 3002(c)(1). In fact, the Debtor and the Trustee entered into an Agreed Order on April 27, 2021 which required the Debtor to provide her *2020 state tax return* to the Trustee within 21 days, indicating that the Debtor had already provided the Trustee her 2020 federal tax return. The Trustee then conducted the Meeting of Creditors on June 3, 2021, indicating that the Debtor had complied with her obligation to provide the Trustee with all prepetition tax returns. Additionally, the Trustee stated in his Objection to the Debtor's First Amended Plan that the Debtor testified at her Meeting of Creditors that she had a federal tax obligation for the 2020 tax year.

amendment. In reliance on the amendment, some courts have enlarged the time for a creditor to file a proof of claim when the debtor failed to include the creditor on the list of creditors. *In re Fitzgerald*, 2020 WL 5745973 (Bankr. M.D. Fla. 2020) (noting that relief under Rule 3002(c)(6) is permissive and the facts supported granting the creditor's motion for leave to file late claim); *In re Vanderpol*, 606 B.R. 425 (Bankr. D. Colo. 2019) (relying on the Advisory Notes to discern the drafters' intent); *In re Mazik,* 592 B.R. 812 (Bankr. E.D. Penn. 2018). Other courts, however, have refused to allow a late filed claim for a creditor not listed in the debtor's original list of creditors using a strict reading of the language "debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)." *In re Fryman*, 2019 WL 2612763 (Bankr. E.D. Ky. 2019); *In re Somerville*, 605 B.R. 700 (Bankr. D. Md. 2019) (refusing to consider the Advisory Notes because the court did not find "the language of the rule itself confusing or ambiguous").

In the case before this Court, the Debtor did not include the IRS on her list of creditors until August 12, 2021, which was after the July 26, 2021 claims bar date for governmental units. Although the IRS did then file a proof of claim on August 24, 2021, it did not file a motion seeking to extend the time for filing a claim as required by Bankruptcy Rule 3002(c)(6). Therefore, the Court need not address whether the IRS should be granted relief under Bankruptcy Rule 3002(c)(6) based upon the Debtor's failure to include the IRS on her original list of creditors. Moreover, the IRS did not respond to the Trustee's Objection to its claim and did not appear at the hearing on that Objection. Therefore, the Trustee's Objection to Untimely Filed Claim is Sustained.

The Court next directs its attention to the Trustee's Objection to the Debtor's Motion for Leave to File Time-Barred Claim. Bankruptcy Rule 3004 provides:

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.

Fed. R. Bankr. P. 3004.

Here, the Debtor did not file a proof of claim on behalf of the IRS within the requisite thirty days following the July 26, 2021 deadline for governmental claims. Rather, on September 14, 2021, the Debtor filed a Motion for Leave to File Time-Barred Claim seeking leave to file a claim for the IRS. Bankruptcy Rule 9006(b) governs enlargement of time deadlines. That rule states:

> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

Neither of the exceptions referenced in Bankruptcy Rule 9006(b)(1) is applicable. The exception provided in paragraph (2) sets forth certain time limits that cannot be extended by the court. The thirty-day limit in Bankruptcy Rule 3004 is not among those. The exception provided in paragraph (3) states that the court may enlarge the time periods set forth in Bankruptcy Rule 3002(c), and other specified rules, "only to the extent and under the conditions stated in those rules". Fed. R. Bankr. P. 9006(b)(3). Relying on that language in Bankruptcy Rule 9006(b)(3), the Court in *Sykes* contrasted the earlier version of Bankruptcy Rule 3002(c), which did not

allow enlargement of the claims deadline, with Bankruptcy Rule 3004. The Court noted that "[u]nlike Rule 3002(c), the time for filing claims under Rule 3004 is subject to enlargement." *Sykes*, 451 B.R. at 862.

In this case, the Debtor filed her Motion for Leave after the expiration of the thirty-day time period set forth in Bankruptcy Rule 3004. Therefore, the issue before this Court is whether the Debtor can obtain an extension pursuant to Bankruptcy Rule 9006(b)(1) because her "failure to act was the result of excusable neglect." The U.S. Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 388 (1993) held that the "excusable neglect" standard under Bankruptcy Rule 9006(b)(1) gives a bankruptcy court permission to accept late filings caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control." The Court explained that the determination of whether a missed deadline is excusable is an equitable decision, requiring an examination of the totality of the circumstances which includes the danger of prejudice to the debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay and whether the debtor acted in good faith. *Id.* at 395.

Applying *Pioneer,* this Court finds excusable neglect exists and that the Debtor may file a late proof of claim for the IRS. There is potential prejudice for the Debtor. If the IRS is not paid through the Chapter 13 case, the possibility exists that the IRS could take action that would adversely affect the Debtor's ability to perform under the Chapter 13 plan. Furthermore, the Chapter 13 case is in its infancy, and the Debtor acted shortly after she discovered she owed the 2020 taxes. There was no evidence to indicate the Debtor acted in bad faith. Likewise, the IRS filed its proof of claim within 28 days after the filing deadline under Bankruptcy Rule 3002.

There was no evidence that allowing a late filed proof of claim would adversely affect the administration of the Chapter 13 case.

For the reasons set forth herein, the Trustee's Objection to Untimely Filed Claim is Sustained and the claim filed by the IRS is Disallowed. The Trustee's Objection to the Debtor's Motion for Leave to File Time-Barred Claim is Denied, and the Debtor is granted leave to file a proof of claim on behalf of the IRS.

A separate Order shall enter.

ENTERED: December 1, 2021

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE